UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

Tim Mackey and Daniel Shoemaker as Trustees of the Minnesota Laborers Health and Welfare Fund, Tim Mackey and Daniel Shoemaker as Trustees of the Minnesota Laborers Pension Fund, Tammy Braastad and Tim Mackey as Trustees of the Minnesota Laborers Vacation Fund, Fred Chase and Joe Fowler as Trustees of the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, Mark Ryan and Dave Borst as Trustees of the Minnesota Laborers Employers Cooperation and Education Trust, the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust,

    Plaintiffs,

vs.

Phoenix Corp.,

    Defendant.
_____

Case No. _____

**COMPLAINT**

Plaintiffs, as their Complaint against the Defendant, state and allege as follows:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

1. Plaintiffs are Trustees of the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota

1

and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust ("Funds").

2. The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5). The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1001, et seq. The Funds are exempt from federal income taxation pursuant to the Internal Revenue Code.

3. Defendant Phoenix Corp. is a Minnesota business corporation with a registered address of 506 East Maine Street, Spring Grove, Minnesota. Phoenix Corp. is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

4. This is an action by the Funds' Trustees as fiduciaries to collect unpaid fringe benefit contribution payments. Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(f), 29 U.S.C. § 1132(f), ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145. Subject matter jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

5. The Funds are administered in Dakota County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## **FACTS**

6.   The Funds re-allege and incorporate by reference paragraphs 1-5 herein.

7.   Since at least May 2, 2018, Phoenix Corp. has been bound to the terms of a collective bargaining agreement negotiated between the Highway, Railroad, and Heavy Construction Division of Associated General Contractors of Minnesota and the Laborers District Council of Minnesota and North Dakota on behalf of its affiliated local Unions with a term of May 1, 2017 through April 30, 2020 ("CBA").

8.   The CBA provides that Phoenix Corp. is bound to the Trust Agreement for each of the following: the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust.

9.   The CBA requires Phoenix Corp. to contribute every month, not later than the 15th day of the following month, contributions to the Funds in an amount set forth in the CBA for each hour worked by its employees covered by the CBA.

10.   The CBA requires Phoenix Corp. to accurately report and calculate the contributions due and owing in any given month to the Funds on a remittance report form which must be submitted with Phoenix Corp.'s monthly payment to the Funds.

11.   The CBA states that Phoenix Corp. shall be considered delinquent for a particular month if the required report and payment are not postmarked on or before the 15th day of the following month.

12. The CBA requires Phoenix Corp. to maintain adequate records to identify the type of work being performed by employees to allow the Funds to determine whether Phoenix Corp. is accurately reporting hours to the Funds. If Phoenix Corp. fails to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Phoenix Corp. is liable for all the hours worked by that individual for whom Phoenix Corp. is unable to produce satisfactory records verifying the type of work being performed by that individual.

13. Independent of the CBA, 29 U.S.C. § 1059 requires employers such as Phoenix Corp. to maintain and preserve contemporaneously accurate documentation showing what employees performed what CBA-covered work on what projects for what hours on what given date.

14. If Phoenix Corp. fails to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Phoenix Corp. is liable for all of the hours worked by that individual for whom Phoenix Corp. is unable to produce satisfactory records verifying the type of work being performed by that individual.

15. The CBA states that if Phoenix Corp. becomes delinquent, Phoenix Corp. shall be required to pay as liquidated damages an amount equal to ten percent of the payment otherwise due.

16. The CBA states that if Phoenix Corp. becomes delinquent, Phoenix Corp. shall be required to pay interest on all delinquent contributions at the rate prescribed by the Trustees of the Funds in the Trust Agreements.

17. The CBA states that delinquent employers shall be required to pay all costs of collection actually incurred by the Funds, including all attorneys' fees, service fees, filing fees, court reporter fees, and all other fees, costs, disbursements incurred by or on behalf of the Funds in collecting amounts due.

## COUNT I
## BREACH OF CONTRACT/REPORT AMOUNT DUE

18. The Funds re-allege and incorporate by reference paragraphs 1-17 herein.

19. Phoenix Corp. breached the terms of the CBA by failing to submit the contributions due and owing for the period of August 2018 through November 2018.

20. Pursuant tot the remittance reports submitted by Phoenix Corp. for the period of August 2018 through November 2018, $173,770.30 is due and owing for unpaid contributions.

21. Phoenix Corp. should be enjoined from further refusal and failure to remit remittance reports and contributions.

22. Phoenix Corp. is liable to the Funds for the CBA-obligated fringe benefit amounts for all hours worked by its employees for whom Phoenix Corp. are unable to produce satisfactory records verifying the type of work performed by any such individuals.

23. Pursuant to the CBA, Phoenix Corp. is liable to the Funds for all attorney fees, service fees, filing fees, court reporter fees and other legal costs and disbursements incurred by the Funds in collecting amounts due.

24. Phoenix Corp. is liable to the Funds for liquidated damages in the amount of $17,377.03 the period of August 2018 through November 2018 as well as interest charges pursuant to the CBA.

## COUNT II
## ERISA DAMAGES

25. The Funds re-allege and incorporate by reference paragraphs 1-24 herein.

26. The Funds are entitled to liquidated damages or double interest charges on any amounts found to be due and owing under ERISA § 502(g), 29 U.S.C. § 1132(g).

27. The Funds are entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

28. The Funds are entitled to interest under ERISA § 502, 29 U.S.C. § 1132.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment of this Court against Defendant Phoenix Corp. as follows:

1. For judgment in the amount of $173,770.30 for unpaid contributions due and owing for the months of August 2018 through November 2018.

2. For an award of liquidated damages or double interest charges, whichever is greater.

3. For an award of costs, disbursements and attorney fees according to law.

4. Such other and future relief as the Court deems just, equitable or proper.

| | |
|---|---|
| Date: December 18, 2018 | MCGRANN SHEA CARNIVAL STRAUGHN & LAMB, CHARTERED |

By:  s/ Amy L. Court
    Carl S. Wosmek (Atty. No. 300731)
    Amy L. Court (Atty. No. 319004)
    Christy E. Lawrie (Atty. No. 388832)
800 Nicollet Mall, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 338-2525
csw@mcgrannshea.com
alc@mcgrannshea.com
cel@mcgrannshea.com

*Attorney for Plaintiffs*

1108855.DOCX